# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ELIJAH CARIMBOCAS, LINDA DLHOPOLSKY, AND MORGAN GRANT, on behalf of themselves and others similarly situated,

        *Plaintiffs*,

v.

TTEC SERVICES CORPORATION, TTEC SERVICES CORPORATION EMPLOYEE BENEFITS COMMITTEE, EDWARD BALDWIN, K. TODD BAXTER, PAUL MILLER, REGINA PAOLILLO, EMILY PASTORIUS, JOHN AND JANE DOES 1-20,

        *Defendants*.

Civil Action No. 1:22-cv-02188-CNS-STV

## SCHEDULING ORDER[1]

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Counsel for the Parties met and conferred regarding this Scheduling Order via telephone on October 10, 2022. The following counsel of record participated in this conference:

---

[1] Recognizing that the Court's August 26, 2022 Order stated the Parties should use the "ERISA Action" template for the scheduling order, the Parties respectfully submit this Proposed Scheduling Order using the "Proposed Scheduling Order and Instructions" form. ECF No. 5. The Parties believe this form better addresses the scheduling needs in a putative class action case like this one, whereas the "ERISA Action" is better suited for an individual denial-of-benefits case.

1

|  |  |
|---|---|
| **Plaintiffs' Counsel:** | Douglas M. Werman (he/him/his)<br>WERMAN SALAS P.C.<br>77 W. Washington St., Suite 1402<br>Chicago, IL 60602<br>Telephone: (312) 419-1008<br>dwerman@flsalaw.com<br><br>Daniel M. Hutchinson (he/him/his)<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP 275 Battery Street, 29th<br>Floor San Francisco, CA 94111<br>Telephone: 415.956.1000<br>dhutchinson@lchb.com<br><br>Anne B. Shaver (she/her)<br>(CO Bar No. 39933)<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>1890 Gaylord St.<br>Denver, CO 80206<br>Telephone: 415.956.1000<br>ashaver@lchb.com |
| **Defendants' Counsel:** | Deborah S. Davidson (she/her/hers)<br>Matthew A. Russell (he/him/his)<br>Samuel D. Block (he/him/his)<br>MORGAN, LEWIS & BOCKIUS LLP<br>110 N. Wacker Drive<br>Chicago, Illinois 60606<br>Tel.: 312-324-1000<br>Fax: 312-324-1001<br>deborah.davidson@morganlewis.com<br>matthew.russell@morganlewis.com<br>samuel.block@morganlewis.com |

Darren E. Nadel (appearance forthcoming)
Littler Mendelson P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202-5835
DNadel@littler.com
303.362.2861 Direct
303.619.4261 Mobile
303.362.8230 Fax

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims are brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), a federal statute.  The Court also has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.** **Plaintiffs**:  Plaintiffs are participants in the TTEC 401(k) Profit Sharing (the "Plan").  Plaintiffs allege that Defendants breached the fiduciary duties they owed to the Plan, to Plaintiffs, and to other Plan participants under the Employee Retirement Income Security Act ("ERISA") by mismanaging the Plan's recordkeeping fees and investment options—causing millions of dollars in damages to Plan participants. Specifically, Plaintiff allege that that Defendants: (1) failed to prudently monitor, regularly benchmark, and prudently negotiate the Plan's recordkeeping fees (*see* ECF 1, ¶¶ 41-62); (2) allowed a service provider, T. Rowe Price, to include proprietary investments in the Plan that had historically underperformed the replaced fund and continued to do so subsequently, and/or were more expensive investments (*id.*, ¶¶ 63-

3

65); (3) failed to prudently consider alternatives to mutual funds in the Plan, despite the alternatives' lower fees (*id.*, ¶¶ 66-74); (4) admitted to have only "periodically" reviewed the Plan's investment options to ensure they were suitable for Plan participants—in dereliction of their duty to continually monitor each investment offering (*id.*, ¶¶ 75-85); (5) administered the Plan during the Class Period without crucial protocol—namely, an investment policy statement—to monitor the Plan investment menu (*id.*, ¶¶ 83-84); and (6) failed to timely include target retirement date funds in the Plan's investment menu (*id.*, ¶¶ 85-87).

Plaintiffs are considering whether to file an amended complaint pursuant to Rule 15(a)(1)(B). Plaintiffs decline to address the premature and incorrect arguments in Defendants' motion to dismiss in this proposed scheduling order, but they note that the overwhelming majority of courts routinely reject identical arguments in similar ERISA litigation.  *See, e.g.*, Jacklyn Wille, *Flood of 401(k) Fee Lawsuits Spur Wave of Early Plaintiff Wins*, Bloomberg Law (Apr. 5, 2022) (reporting that over 80% of such motions to dismiss fail), *available at* https://news.bloomberglaw.com/employee-benefits/flood-of-401k-fee-lawsuits-spur-wave-of-early-plaintiff-wins.

    **b.**    **Defendants**: Defendants incorporate by reference their position as detailed in their Motion to Dismiss the Complaint, filed on April 11, 2023 (ECF No. 29). As discussed therein, Plaintiffs' allegations that Defendants breached their fiduciary duty to monitor the Plan's recordkeeping fees and investment lineup fail as a matter of law.  A breach-of-fiduciary-duty claim under ERISA is a process-based claim, and since

4

the Complaint lacks allegations about Defendants' fiduciary process, Plaintiffs can state a viable claim only by pleading sufficient facts to create a plausible inference that Defendants failed to monitor the Plan's recordkeeping fees and investment lineup. As to recordkeeping, Plaintiffs' allegations that Defendants lowered recordkeeping fees and changed recordkeepers (which happened through a request for proposal) foreclose any inference of imprudence.  In addition, Plaintiffs failed to allege a "meaningful benchmark" to show that the Plan overpaid for recordkeeping, as required to state a viable claim.  As to the Plan's investments, Plaintiffs have likewise failed to plead a meaningful benchmark that any investments were too expensive or underperformed. Plaintiffs' allegations that Defendants made changes to the Plan investment lineup, added target-date funds as investment choices, and worked with an independent investment consultant to create an Investment Policy Statement foreclose any inference that Defendants were not monitoring the Plan's investments. Since Plaintiffs' claim of imprudence fail as a matter of law (Count I), so too does their derivative duty-to-monitor claim (Count II).

Courts in the Tenth Circuit regularly dismiss claims similar to those alleged in the Complaint. *See, e.g., Jones v. Dish Network Corp.,* Case No. 22-cv-00167, Dkt. 72 (D. Colo. Jan. 31, 2023), *R & R adopted*, 2023 WL 2644081, at *6-7 (D. Colo. Mar. 27, 2023); *Birse v. CenturyLink, Inc.*, 2019 WL 1292861, at *3 (D. Colo. Mar. 20, 2019); *Kurtz v. Vail Corp.*, 511 F. Supp. 3d 1185, 1196-97 (D. Colo. 2021); *Matney v. Barrick Gold of N.A., Inc.*, 2:20-CV-275-TC-CMR, 2022 WL 1186532, at *4 (D. Utah Apr. 21,

5

2022), *appeal filed,* No. 22-4045 (10th Cir. May 20, 2022) (10th Cir.).

To the extent Plaintiffs' allegations state a claim, discovery will indisputably show that Defendants have acted consistently with any and all fiduciary duties they owed under ERISA during the period relevant to Plaintiffs' claims.

    **c.**    **Other Parties**: N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed. The parties anticipate that additional undisputed facts exist, and that they will be able to stipulate to such facts through further discussion.

1. Plaintiffs are former TTEC employees who participated in the TTEC 401(k) Profit Sharing Plan (the "Plan").
2. TTEC sponsors and administers the Plan for eligible retirees.
3. The Plan is a "defined contribution" or an eligible "individual account" plan within the meaning of 29 U.S.C. § 1002(34).
4. The Plan is a 401(k) plan under the Internal Revenue Code.
5. TTEC has a fiduciary committee ("the Committee") that was responsible for selecting, monitoring, and overseeing the Plan's investment lineup and recordkeeping fees.
6. The funds challenged in the Complaint, including the T. Rowe Price Overseas Stock Fund and the T. Rowe Price Growth Stock Fund, were included in the Plan during portions of the alleged class period.

7. From January 1, 2012 to December 31, 2019, Merrill Lynch was the Plan's recordkeeper and trustee.

8. Effective January 1, 2020, the Committee replaced Merrill Lynch with T. Rowe Price as the Plan's recordkeeper and trustee.

## 5. COMPUTATION OF DAMAGES

Plaintiffs' statement:

Defendants, as breaching fiduciaries, are obligated to make good to the Plan all losses resulting from Defendants' breach, and are subject to full equitable relief. 29 U.S.C. §1109(a). Plaintiffs seek recovery of (1) the excessive recordkeeping and administrative fees paid by the Plan and (2) the losses caused by Defendants' imprudent and disloyal selection and retention of Plan investments. Discovery and expert analysis are necessary for the complete determination of such damages. The liability period is at least six years. *See* 29 U.S.C. §1113. Defendants also will be liable for Plaintiffs' attorney fees and costs under 29 U.S.C. §1132(g)(1). Plaintiffs seek appropriate equitable relief, including without limitation, putting Plan administrative services out for competitive bidding, removal of fiduciaries who have breached their duties, and replacement of imprudent and disloyal investments.

Defendants' Statement:

Defendants have not asserted any counterclaims in this Action, and therefore, are not currently seeking any damages in this Action. If a judgment is entered in

Defendants' favor, Defendants reserve the right to seek any and all available costs and fees, as permitted under ERISA, the Federal Rules of Civil Procedure, or any other statute that may authorize an award of fees or costs under the circumstances. Defendants dispute that Plaintiffs, as former Plan participants, have standing to seek forward-looking injunctive relief.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting.** October 10, 2022.

b.  **Names of each participant and party he/she represented**.

The following counsel of record participated in these conferences:

**Plaintiffs' Counsel:**  Douglas M. Werman
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com

Daniel M. Hutchinson
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP 275 Battery Street, 29th
Floor San Francisco, CA 94111
Telephone: 415.956.1000
dhutchinson@lchb.com

Anne B. Shaver (CO Bar No. 39933)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
1890 Gaylord St.
Denver, CO 80206
Telephone: 415.956.1000
ashaver@lchb.com

|  |  |
|---|---|
| **Defendants' Counsel:** | Deborah S. Davidson |
|  | Matthew A. Russell |
|  | Samuel D. Block |
|  | MORGAN, LEWIS & BOCKIUS LLP |
|  | 110 N. Wacker Drive |
|  | Chicago, Illinois 60606 |
|  | Tel.: 312-324-1000 |
|  | Fax: 312-324-1001 |
|  | deborah.davidson@morganlewis.com |
|  | matthew.russell@morganlewis.com |
|  | samuel.block@morganlewis.com |
|  |  |
|  | Darren E. Nadel (appearance forthcoming) |
|  | Littler Mendelson P.C. |
|  | 1900 Sixteenth Street, Suite 800 |
|  | Denver, CO  80202-5835 |
|  | DNadel@littler.com |
|  | 303.362.2861 Direct |
|  | 303.619.4261 Mobile |
|  | 303.362.8230 Fax |

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made**.

The Parties agree to provide Rule 26(a)(1) disclosures within **45 days** after a ruling on

Defendants' motion to dismiss, if the Court denies that motion.

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**.

N/A

**e.     Statement concerning any agreements to conduct informal discovery:**

Before Plaintiffs filed this action, TTEC produced the following documents:

1.     The operative Plan Document and amendments since 2016;

2.     The trust agreements for the Plan since 2016;

3.     Summary Plan Descriptions since 2016;

4.     Participant disclosures pursuant to 29 C.F.R. § 2550.404a-5, 2016-2021;

5. Provider fee disclosures pursuant to 29 C.F.R. § 2550.408b-2, 2016-2022;

6. The Plan's Form 5500 Annual Return/Reports, 2016-2020;

7. The Plan's recordkeeping service agreements and amendments; and

8. Certain communications to Plan participants since 2016.

Plaintiffs propose that further discovery should proceed without limitation. In light of Defendants' production to date, Defendants propose that all other discovery in this case—in particular ESI productions and depositions—be stayed until after the Court's ruling on Defendants' anticipated motion to dismiss the Complaint, if the Court denies that motion.

As a compromise, the parties jointly agree that discovery shall proceed with regard to:

9. The identity of all Committee members during the alleged class period;

10. Meeting agendas, minutes, and materials presented or provided at or in in advance of Committee meetings; and

11. Plan holdings/balances and fee information needed for calculating any alleged damages suffered by the Plan during the alleged class period.

The parties agree that discovery on all other topics may be stayed pending a ruling on Defendants' anticipated motion to dismiss.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties agree to work cooperatively to reduce the costs of litigation and expedite the

just disposition of this case.  For example, the Parties have already engaged in substantial informal discovery, resulting in the production of hundreds of pages of documents.  *See supra* Section 8(e).  The Parties likewise agree to work cooperatively, if necessary, to jointly seek any necessary extensions to the proposed discovery timeline set forth below. The parties will use a unified sequential numbering system, using numbers, not letters, for all deposition exhibits

    **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

If the Court denies Defendants' motion to dismiss, collection and review of electronically stored information ("ESI") and/or information maintained in electronic form will be necessary.  Defendants represented to Plaintiffs that they have taken appropriate steps to preserve and maintain potentially relevant ESI.

The Parties agree to work cooperatively to facilitate the discovery of ESI, to limit the costs of any such discovery, and to work cooperatively to resolve discovery disputes, if any, relating to electronic discovery. To that end, the parties have agreed to follow the Court's Checklist for Rule 26(f) Meet-and-Confer Regarding Electronically Stored Information and anticipate entering into an ESI Protocol.

    **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties participated in mediation before a private mediator on March 21, 2023.  That mediation session was unsuccessful.

### 7. CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

N/A

b. **Limitations which any party proposes on the length of depositions.**

N/A

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

25 RFP's and 25 RFA's

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**:

The Parties propose that any interrogatories, requests for production of documents and/or admissions (excluding any requests for admission seeking to authenticate a document) be served no later than **45 days** before the close of Fact Discovery.

e. **Other Planning or Discovery Orders**

The Parties anticipate entering into a Protective Order governing the confidentiality of produced documents before the further production of any documents in this case.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

Within **90 days** after the Court rules on Defendants' motion to dismiss if the Court denies such motion.

    b.    **Fact Discovery Cut-off**: **365 days** after the Court rules on Defendants' motion to dismiss, if the Court denies that motion.

    c.    **Dispositive Motion Deadline**: **30 days** after close of Expert Discovery.

    d.    **Expert Witness Disclosure**

    1.    **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate expert testimony on liability, including testimony related to finance, investment management, 401(k) administration, and/or fiduciary practices, and on damages.

Should Plaintiffs' claims proceed to expert discovery, Defendants currently anticipate offering expert testimony/rebuttal testimony concerning the monitoring of Plan recordkeeping and investments fees, the investment lineup, and investment performance, as well as regarding alleged damages (or the lack thereof).

    2.    **Limitations which the parties propose on the use or number of expert witnesses.**

    N/A

    3.    **Plaintiffs shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) no later than 30 days after the close of Fact Discovery.**

    4.    **Defendants shall designate all rebuttal or other experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) within 60 days after Plaintiffs' expert disclosures, as provided in Section 9(d)(3).**

    5.    **Discovery and depositions of any expert witnesses ("Expert**

Discovery") shall be completed within 60 days after Defendants' disclosure of expert witnesses, as provided in Section 9(d)(4).

  e. **Identification of Persons to Be Deposed:**

The Parties have not yet identified the specific individuals they will need to depose. The Parties anticipate that depositions of the Named Plaintiffs, Committee members, certain employees of TTEC, and certain third-party witnesses may be necessary. Likewise, the Parties anticipate needing to depose any expert witnesses.

  f. **Deadline to File Motion for Class Certification:**

Plaintiffs shall file a motion for class certification by no later than **270 days** after the Court rules on Defendants' motion to dismiss, if the Court denies such motion.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. **Status conferences will be held in this case at the following dates and times:**
  September 21, 2023, at 9:00 a.m.  .

b. **A final pretrial conference will be held in this case on _____at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

N/A

b. **Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate that a <u>bench</u> trial in this matter will last approximately **10-**

**15 Court days**.

**c.** **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

N/A

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Parties agree that, subject to the Court's approval, this Scheduling Order may be amended and/or modified upon a showing of good cause.

DATED at Denver, Colorado, this 26th day of April, 20 23.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

By: \_April 19, 2023_____

By: /s/ *Douglas M. Werman*

Douglas M. Werman
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com

Daniel M. Hutchinson
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP 275 Battery Street, 29th
Floor San Francisco, CA 94111
Telephone: 415.956.1000
dhutchinson@lchb.com

Anne B. Shaver (CO Bar No. 39933)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
1890 Gaylord St.
Denver, CO 80206
Telephone: 415.956.1000
ashaver@lchb.com

*Counsel for Plaintiffs*

By: __April 19, 2023_____          By: _/s/ *Deborah S. Davidson*_

                                                  Deborah S. Davidson
                                                  Matthew A. Russell
                                                  Samuel D. Block
                                                  MORGAN, LEWIS & BOCKIUS LLP
                                                  110 N. Wacker Drive
                                                  Chicago, Illinois 60606
                                                  Tel.: 312-324-1000
                                                  Fax: 312-324-1001
                                                  deborah.davidson@morganlewis.com
                                                  matthew.russell@morganlewis.com
                                                  samuel.block@morganlewis.com

                                                  Darren E. Nadel (appearance forthcoming)
                                                  Littler Mendelson P.C.
                                                  1900 Sixteenth Street, Suite 800
                                                  Denver, CO  80202-5835
                                                  DNadel@littler.com
                                                  303.362.2861 Direct
                                                  303.619.4261 Mobile
                                                  303.362.8230 Fax

                                                  *Counsel for Defendants*