IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ELIJAH CARIMBOCAS, LINDA DLHOPOLSKY, and MORGAN GRANT, on behalf of themselves and others similarly situated,<br><br>　　　*Plaintiffs*,<br><br>v.<br><br>TTEC SERVICES CORPORATION, et al.,<br><br>　　　*Defendants*. | Case No. 1:22-cv-02188-CNS-STV<br><br>Hon. Charlotte N. Sweeney<br><br>Magistrate Judge Scott T. Varholak |

### **PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(b), Plaintiffs Elijah Carimbocas, Linda Dlhopolsky, and Morgan Grant seek leave to file a Second Amended Class Action Complaint[1] (hereinafter, "SAC") in light of this Court's Opinion and Order Granting Motion to Dismiss (ECF No. 60) and the Tenth Circuit's opinion in *Matney v. Barrick Gold of North America*, 80 F.4th 1136, 1148 (10th Cir. 2023), which was issued after Plaintiffs filed their First Amended Complaint and which adopted the Eighth Circuit's "meaningful benchmark" pleading burden for plaintiffs alleging breach of fiduciary duty "excessive-fee" claims under ERISA. The proposed Second Amended Complaint contains additional allegations concerning the meaningful benchmarks to compare to the TTEC Plan, but the substance and nature of Plaintiffs' claims remain unchanged.

---

[1] As required by Local Rule 15.1(b) and this Court's Opinion and Order Granting Motion to Dismiss (ECF No. 60 at 15 n.6), attached hereto are copies of the proposed Second Amended Complaint (Exhibit 1) and a redlined version indicating those instances in which the text from the current Amended Complaint has been modified (Exhibit 2).

I. **Procedural History**

On August 25, 2022, Plaintiffs filed their Class Action Complaint. ECF No. 1. On April 11, 2023, Defendants moved to dismiss the Complaint for failure to state a claim. ECF No. 29. On May 2, 2023, Plaintiffs filed their First Amended Class Action Complaint (hereinafter, FAC), which streamlined the allegations in several respects.[2] On May 26, 2023, Defendants again moved to dismiss the FAC for failure to state a claim. ECF No. 44. The parties fully briefed that motion. ECF Nos. 46, 49.

On September 8, 2023, Defendants filed a Notice of Supplemental Authority to apprise the Court of the Tenth Circuit's September 6, 2023 decision in *Matney v. Barrick Gold of North America*, 80 F.4th 1136 (10th Cir. 2023), which adopted the Eighth Circuit's meaningful benchmark pleading burden for plaintiffs alleging breach of fiduciary duty "excessive-fee" claims under ERISA. ECF No. 54.

On December 11, 2023, this Court entered an Opinion and Order dismissing the FAC without prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6), finding that Plaintiffs had failed to allege facts establishing the "meaningful benchmark" plan required by *Matney*. ECF No. 60. The Court allowed Plaintiffs to seek leave to amend their pleadings within 14 days of the Order. *Id.* at 14 n.6. Plaintiffs timely filed this Motion for Leave to Amend pursuant to that Order.

II. **Argument**

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has stated "this mandate is to be

---

[2] Plaintiffs initially filed their FAC without the notice required by Local Rule 15.1(a). ECF No. 35. Pursuant to this Court's Minute Order of May 3, 2023 (ECF No. 36), Plaintiffs filed a *nunc pro tunc* notice of filing the FAC. ECF No. 37. The Court accepted for filing the FAC (ECF No. 37), which was entered into the docket on May 10, 2023. ECF No. 39.

heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* 3 Moore's Federal Practice - Civil § 15.14 (2022) ("Denial of leave to amend is disfavored, and a district judge should grant leave absent a substantial reason to deny."). In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. This is consistent with the purpose of Rule 15 which is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Whether to grant or deny leave to amend a complaint is within a court's discretion. *Foman*, 371 U.S. at 182.

Refusing leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Further, the non-moving party bears the burden of showing that the proposed amendment satisfies any of these justifications. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Invr.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). None of these considerations justifies denial of leave to amend here.

### A. Plaintiffs Have Not Unduly Delayed Seeking Leave to Amend.

Plaintiffs have not unduly delayed seeking leave to amend. First, the Court explicitly allowed Plaintiffs to seek leave to amend their pleadings within 14 days of the Order dismissing the FAC. ECF No. 60 at 14 n.6. Plaintiffs have met this deadline.

Moreover, Plaintiffs could not have sought leave prior full briefing on Defendants' Motion to Dismiss because the Tenth Circuit issued its decision in *Matney* after the briefing closed.  Courts routinely grant leave to amend where, as here, the case is in the early stages. *See*, *e.g.*, *Jacquart v. State Auto Ins. Co. of Ohio*, No. 19-CV-02480-WJM-KMT, 2020 WL 956428, at

\*2 (D. Colo. Feb. 27, 2020) (finding no undue delay where plaintiff sought leave to amend when "this case is in an early stage, and the parties have yet to complete discovery"); *DTC Energy Grp., Inc. v. Hirschfeld*, No. 17-CV-01718-PAB-KLM, 2018 WL 5801339, at \*6 (D. Colo. Nov. 6, 2018) ("Because this case is still in the early stages of proceedings, . . . the Court finds that Plaintiff did not unduly delay in seeking leave to file the Second Amended Complaint."); *Fognani & Assocs., PLLC v. Metro. Area Networks, Inc.*, No. 10-CV-00370-PAB-KMT, 2010 WL 3885206, at \*2 (D. Colo. Sept. 30, 2010) (finding that "nothing that would justify a denial of leave to amend. The case is still in the early stages of litigation" because discovery had not closed and no depositions had been scheduled).

Although this case is over a year old, it remains in the pleadings stage. Only limited discovery has commenced and no trial date has been set. Under these circumstances, amendment is proper.

### B. There Is No Bad Faith, Dilatory Motive, or Repeated Failures to Cure Deficiencies.

Plaintiffs' motivations for seeking leave to amend are entirely proper. This Court granted Defendants' Motion to Dismiss primarily because the Court found that Plaintiffs failed to satisfy the new pleading standards adopted by the Tenth Circuit in *Matney*, an opinion issued *after* Plaintiffs filed their FAC and *after* the parties completed briefing on Defendants' Motion to Dismiss. By seeking leave to amend, Plaintiffs simply seek the opportunity to bolster the allegations of the FAC in light of new controlling authority. There is no bad faith, dilatory motive, or repeated failure to cure deficiencies here.

### C. The Amendments Are Not Futile.

The amendments in the proposed SAC are not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. . . . The relevant standard in

4

determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Dorough v. Am. Family Mut. Ins. Co.*, No. 15-cv-02388-MSK-KMT, 2016 WL 1426968, at *2 (D. Colo. Apr. 11, 2016). Thus, a motion for leave to amend should not be denied as futile unless it is "beyond doubt" based on the allegations in the complaint, as amended, "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *see also* 3 Moore's Federal Practice - Civil § 15.15 (2022) ("Courts should not dismiss the complaint unless it is beyond a doubt that there are no facts to support relief."). "[C]lear cases of futility . . . are rare," *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015), and this case is not one of them.

Plaintiffs added factual allegations in the proposed SAC specifically to meet the new pleading standard adopted in *Matney*. In *Matney*, the Tenth Circuit found it "[s]ignificant" that the plaintiffs "allege[d] ***no information*** about the recordkeeping services offered by the [comparator] plans." *Matney*, 80 F.4th at 1158 (emphasis added). Here, in contrast, Plaintiffs have made specific allegations to address the pleading standard. *See* Exhibit 2 (attached hereto). In *Matney*, unlike here, the plaintiff's description of his own plan's services was also "contradicted" by a trust agreement referenced in the complaint. *Matney*, 80 F.4th at 1158. While dismissal was proper in *Matney* based on that case's unique circumstances, here Plaintiffs new allegations are sufficient to support their claims and dismissal would be improper.

Moreover, allowing Plaintiffs' motion for leave to amend will not prevent Defendants, after amendment, from challenging any asserted deficiency in the SAC in another motion to dismiss. In light of Rule 15's liberal standard, courts routinely hold that futility arguments made in opposition to a motion to amend are properly addressed by allowing amendment and then

testing the sufficiency of the allegations through a motion to dismiss. As one court noted, the "futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, Civ. No. 07-cv-01145, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008); *see also*, *e.g.*, *Long v. Andlinger*, No. 23-CV-00742-RM-KLM, 2023 WL 5747501, at *2 (D. Colo. June 20, 2023) (quoting *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008) ("[F]utility arguments are better addressed in a Motion to Dismiss."); *Bennington v. Stryker Corp.*, No. 20-CV-01211-CMA-GPG, 2020 WL 9259324, at *2 (D. Colo. Dec. 18, 2020) ("[T] this Court finds that [futility arguments] would be better and more efficiently addressed after Plaintiff's Second Amended Complaint is filed and Defendants have had an opportunity to revise their motion to dismiss, should they wish to file such a motion.") (citation omitted).

### D. Defendants Will Face No Undue Prejudice from the Proposed Amendments.

Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Permitting Plaintiffs to amend would cause no undue prejudice to Defendants. "[U]ndue prejudice means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the plaintiff." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1067 (D. Colo. 2014) (citing *Minter*, 451 F.3d at 1208). Courts also consider discovery deadlines to determine if the amendment will unduly prejudice the nonmoving party. *Gerald v. New Elk Coal Co., LLC*, No. 13-cv-00277-RM-KMT, 2013 WL

5485581, at *1 (D. Colo. Oct. 1, 2013); *see*, *e.g*., *Kellar v. U.S. Dep't. of Veteran Affairs*, No. 08-cv-00761-WYD-KLM, 2008 WL 5330644, at *2 (D. Colo. Dec. 19, 2008).

Neither of these considerations apply here. Plaintiffs' proposed SAC does not change the theory of the case; the claims and their factual predicates remain the same—with additional details to address the new pleading standard. Indeed, while Plaintiffs could have alleged additional comparators for the Plan, Plaintiffs limited themselves only to adding additional details about the comparator plans identified in the FAC. Granting leave to amend will not force Defendants to respond to a new theory late in the case. Discovery has not yet commenced. The proposed SAC presents no eve-of-trial change that would inflict undue prejudice on Defendants due to lack of time to prepare its defense.

## III. Conclusion

For the foregoing reasons, respectfully request that the Court grant Plaintiffs leave to file the proposed Second Amended Consolidated Class Action Complaint in the form attached as Exhibit 1 to this motion.

Dated:  December 21, 2023          Respectfully submitted,

/s/ *Daniel M. Hutchinson*
One of Plaintiffs' Attorneys

Daniel M. Hutchinson
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
dhutchinson@lchb.com

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
John J. Frawley (jfrawley@flsalaw.com)
**WERMAN SALAS P.C.** (Firm No. 42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Anne B. Shaver (CO Bar No. 39933)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
1890 Gaylord St.
Denver, CO 80206
Telephone: 415.956.1000
ashaver@lchb.com

*Attorneys for Plaintiffs*